John BRADBARY, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 93–83C.

United States Court of Federal Claims.

Jan. 21, 1994.*

Frank C. Ingraham, Nashville, TN, for plaintiff.

Karren M. Dickson, U.S. Postal Service, Washington, DC, for defendant.

## OPINION AND ORDER

HODGES, Judge

In 1981, plaintiff entered into a contract with defendant United States Postal Service to operate a Contract Postal Unit. The contract was last renewed in August 1990 for one year. Under the contract, plaintiff provided certain postal services including selling stamps and issuing money orders. Equipment for the execution of these services—i.e., money order machine, scales, supplies and postmarking equipment—was provided by the United States Postal Service and it remained the property of that agency.

The contractor hired Linda Albano to operate and maintain the Unit during regular business hours. Among her duties were selling money orders and stamps, making daily deposits, and keeping a current accountability sheet. Plaintiff states that he checked the Postal Unit at least once each day to review the daily tabulation and was present at the Unit three or more times a day on occasion. During Linda Albano's employment, her husband, Jerry Albano, was frequently present at the Postal Unit. Although Jerry Albano was not paid by plaintiff to operate and maintain the Postal Unit, he signed paperwork for audits conducted by the Postal Service on June 6 and October 2, 1990. His

* This Opinion and Order was filed unpublished on January 21, 1994. Thereafter, defendant filed a request for Publication pursuant to Rule 52.1(b). We grant this motion, and reissue the Opinion and Order for publication this date, February 4, 1994.

signature also appeared on various Postal Service forms including the Daily Financial Reports, receipts for post office box/caller service fees, receipts for money orders, and forms which identified him as the meter operator for the Postal Unit.

In 1991, postal authorities discovered that several money orders which had been cashed by a local bank had not been reported as sold. The Postal Inspector determined that Jerry Albano imprinted and cashed, without payment, a total of $110,820.81 in money orders from the Postal Unit. A shortage of $20.82 in the Postal Unit's stamp stock was also discovered during that investigation. Jerry Albano subsequently pled guilty in United States District Court for forgery of the entire amount of missing money orders and was ordered in August 1993 to make restitution to the United States Postal Service.

The Contracting Officer demanded payment from plaintiff for the shortage discovered in the investigation pursuant to Paragraph 18 of the contract, which states:

> The contractor shall be personally responsible, accountable, and answerable for the faithful performance and discharge of all the duties and obligations assumed by him in this contract, whether or not he personally conducts the Contract Unit. The contractor shall be chargeable with all acts and omissions of his employees who assist in the conduct of the Contract Unit.

Paragraph 20 of the contract requires the contractor to safeguard money order forms and other postal property. Paragraph 9 states that the contractor assumes the risk for any loss to Postal Service property.

Plaintiff filed suit seeking relief from the government's demand for payment of the money orders because his employee was not responsible for the loss. Defendant counterclaimed for the entire amount demanded by the Contracting Officer and moved for summary judgment on its counterclaim. We grant defendant's summary judgment motion.

## DISCUSSION

A grant of summary judgment is proper when no issues of material fact are in dispute and where, as a matter of law, the moving party is entitled to judgment. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed.Cir.1987). A movant for summary judgment must show the absence of any genuine issue of material fact or, in the alternative, that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once a proper showing is made, the burden shifts to the adverse party to prove by sufficient evidence that a genuine issue of material fact is present for trial. *Id.* at 322, 106 S.Ct. at 2552. In considering the motion, the court must draw all justifiable inferences in the non-movant's favor, and any evidence which the non-movant presents is considered to be true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Genuine issues of material fact would change the outcome of the litigation; mere allegations or denials of the pleadings are not sufficient. *Id.* at 247–48, 106 S.Ct. at 2509–10.

Contract interpretation is a question of law; it may be resolved appropriately by summary judgment. *P.J. Maffei Bldg. Wrecking Corp. v. United States*, 732 F.2d 913, 916 (Fed.Cir.1984). The court must determine whether an ambiguity exists—whether the contract is susceptible to differing interpretations, each consistent with the contract's language. *Sun Shipbuilding & Dry Dock Co. v. United States*, 393 F.2d 807, 183 Ct.Cl. 358, 372 (1968). An interpretation that gives meaning to all parts of the contract is preferable to one which renders provisions in the contract meaningless or superfluous. *Fortec Constructors v. United States*, 760 F.2d 1288, 1292 (Fed.Cir.1985).

Plaintiff argues that the contract is ambiguous because he interprets Paragraph 18 of the contract to limit his liability to actions of his employees. Plaintiff argues that neither he nor his employee knew of or participated in taking the money orders. According to plaintiff, Jerry Albano was not an employee.

Therefore, plaintiff is not responsible for the money order losses.

No genuine issues of material fact exist as to the Postal Unit losses. Jerry Albano was present at the Postal Unit on numerous occasions and performed many functions related to the maintenance of the Unit. He admitted to and was convicted of imprinting $110,-820.81 in money orders which had originated from the Postal Unit and had been cashed without payment. The Postal Service's audit discovered that this amount and $20.82 in stamp stock was missing from the Postal Unit.

Plaintiff provides no genuine issues of material fact for a trial. He offers no evidence to raise a doubt that the imprinting of the money orders by Jerry Albano was made possible by the acts or omissions of his employee, if not by plaintiff's own failure to perform his contractual duties. Plaintiff's arguments of contributory negligence, laches, and estoppel are mere allegations.

Plaintiff has not shown that he relied on an ambiguity in the contract. The parties agree that plaintiff would be responsible for losses caused by his employees. This case differs from one in which a contractor arguably follows all of the safeguards set forth in the contract but suffers a loss at the hands of a third party beyond his control who burglarizes the postal unit. *See, e.g., Maude Ellen Thacker*, PSBCA No. 2923, 92–3 BCA ¶ 25,-093, 1992 WL 111816 (1992). Absent such evidence, the fact that the person who imprinted the money orders without payment was not an "employee" should not absolve plaintiff of his contractual liability.

The parties to the contract could not have intended for the contractor to avoid liability under the present circumstances. To read the contract in any other manner would render Paragraph 18 meaningless. Plaintiff is personally liable for the money order and stamp stock losses in accordance with Paragraph 18.

## CONCLUSION

A party opposing summary judgment must show specific facts demonstrating a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Plaintiff has not shown a genuine issue of fact, nor has he shown an ambiguity on which he relied in his interpretation of the contract. Defendant's motion for summary judgment is GRANTED. Defendant will submit a declaration no later than February 4, 1994 establishing the amount due on its counterclaim.