**MELKA MARINE, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 96–536C.

United States Court of Federal Claims.

Aug. 4, 1997.

---

Peter Paul Mitrano, Etna, NH, for plaintiff.

Franklin E. White, Jr., United States Department of Justice, Washington, DC, for defendant. Bridget A. Booker, Department of the Navy, of counsel.

## ORDER AND OPINION

HODGES, Judge.

This case is before the court on cross-motions for summary judgment. Plaintiff is seeking unabsorbed overhead and direct costs for delays caused by the Government's Suspension of Work order.

### I. Background

Plaintiff was awarded a contract by the United States Department of the Navy on October 17, 1994. The contract included dredging work on the Potomac, construction of a breakwater, repair of a boat ramp and other construction work at the Indian Head Marina in Maryland. Under the terms of the contract, performance was to begin within 15 days of the contract award and all work would be completed within 90 days. The contract specified that no work could take place during rock fish spawning season, March 1 through June 15. According to Melka Marine's government-approved contract schedule, the breakwater and dredging portions of the contract were to be performed first. All work was to be completed within 81 days.

The contract specified that the Government was responsible for obtaining a permit from the Corps of Engineers prior to commencement of the dredging and breakwater portions of the contract. Plaintiff mobilized its equipment on site November 1 through November 15. During mobilization, the Government informed Melka Marine that it had not received the permit. The Government issued a "Suspension of Work" order to Melka Marine on November 29, halting performance of the dredging and breakwater por-

tions of the contract for an indefinite period. The Government had not obtained the permit by the end of March, despite reassurances.

Melka Marine signed Contract Modification P00001 in March 1995, extending the contract deadline to February 29, 1996.[1] The contract price was increased by $42,688. Two additional contract modifications were signed by the parties. All work on the contract was completed in February 1996.

Melka Marine seeks compensation for unabsorbed overhead and direct costs from November 16, 1994 through March 30, 1995. We deny the cross-motions.

### II. Decision

Plaintiff filed a motion for partial summary judgment on the issue of liability. Plaintiff argues that the Government is liable under the "Suspension of Work" clause incorporated into the contract for "any increase in the cost of performance of this contract (excluding profit) necessarily caused by ... unreasonable suspension, delay...." FAR 52.212–12 (1994 ed.).

■ To recover under the "Suspension of Work" clause, a contractor must show that:

(1) contract performance was delayed; (2) the government directly caused the delay; (3) the delay was for an unreasonable period of time; and (4) the delay injured the contractor in the form of additional expense or loss.

*Commercial Contractors, Inc. v. United States*, 29 Fed. Cl. 654, 661–662 (1993). Plaintiff argues that it meets these requirements, and that defendant is liable for direct costs. Plaintiff also argues that the Government is liable for unabsorbed overhead costs under the *Eichleay* formula. Defendant contends that plaintiff already has been compensated for increased direct costs and that the Government is not liable for overhead costs because plaintiff was able to take on other work during the delay.

■ Recovery of unabsorbed overhead costs is determined by the *Eichleay* formula. *Satellite Electric Co. v. Dalton*, 105 F.3d

---

1. Originally, all work on the contract was scheduled to be completed by January 30, 1995. Un-

der the modification, completion of the contract was delayed 419 days.

1418, 1421 (Fed.Cir.1997). To recover *Eichleay* damages, a plaintiff must establish that the Government caused the delay, the contractor was on standby during the delay and the contractor was unable to take on other work. *Altmayer v. Johnson*, 79 F.3d 1129, 1133 (Fed.Cir.1996). Plaintiff bears the burden of proving the compensable delay, and that during the delay plaintiff was forced to stand by. *Satellite Electric*, 105 F.3d at 1421. Then, the burden shifts to the defendant. To rebut plaintiff's case for *Eichleay* damages, the Government need only show (and not prove) that the contractor could have taken on other work during the delay period. *Id.*

■ The Government argues that Melka Marine not only could have taken on other work, but also that it performed other work. Melka Marine did perform other contracts during the delay. *Eichleay* damages are improper when the contractor has obtained additional jobs while on delay because unabsorbed overhead from the suspended contract may be applied to the new contracts. If the contracts were obtained prior to the suspension and were rescheduled to be performed during the delay, *Eichleay* damages still may be appropriate. Contracts accepted previously cannot absorb overhead from the suspended contract.

One contract performed by plaintiff during the delay was received prior to the suspension. The circumstances of other work performed during the delay are unclear. Whether this work was obtained prior to the suspension or after is an issue of fact. While several portions of the contract were suspended because a permit had not been obtained by the Government, plaintiff proceeded with other portions of the contract. Summary judgment is proper when there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Bradbary v. United States*, 30 Fed. Cl. 339, 340 (1994).

■ Work on the contract was prohibited from March 1 through June 15 because of the rock fish spawning season. Plaintiff is not entitled to overhead costs during this time. The same limitation on recovery applies to direct costs during this period.

 Plaintiff's claim for direct costs is for idle labor and equipment. Delay damages for these direct costs involve questions of fact that are disputed. Defendant argues that the multiple contract modifications signed by the parties compensated plaintiff for all increased direct costs. Plaintiff contends that it is seeking an adjustment for costs other than those described by the modifications. This is a factual issue that cannot be decided on summary judgment. Defendant's motion for summary judgment must be denied on the issue of direct costs.

### III. Conclusion

Plaintiff's motion for partial summary judgment and defendant's cross-motion for summary judgment are denied for the reasons stated. The parties will contact the court no later than August 15, 1997 to propose a trial schedule.